IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH LEE LEWIS, | ) | |
| AIS #213739, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-654-MHT |
| | ) | |
| T. MYRICK, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Joseph Lee Lewis ("Lewis), an indigent state inmate. In the instant case, Lewis challenges the constitutionality of his thirty-day confinement in the Behavior Modification Dorm at Draper Correctional Facility as violative of due process. Lewis names Sgt. Terrance Myrick, the officer who placed him in the Behavior Modification Dorm, as the sole defendant in this cause of action. Lewis seeks a declaratory judgment and injunctive relief.

Defendant Myrick filed an answer, special report and supporting evidentiary materials, including affidavits and certified prison records, addressing the claim lodged against him in the complaint. In these documents, Myrick denies he violated Lewis' constitutional rights. After receipt of the special report, the court issued an order directing Lewis to file a response to the report, including affidavits or statements made under penalty of perjury and other evidentiary materials. *Doc. No. 13* at 2. The order specifically cautioned Lewis that "**unless within fifteen (15) days form the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for

1

the plaintiff filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." *Id*. at 3.  Pursuant to this order, the court deems it appropriate to treat the defendant's report as a motion for summary judgment.

Upon consideration of the defendant's motion for summary judgment, the evidentiary materials filed in support thereof and the sworn complaint, the court concludes that the defendant's motion for summary judgment is due to be granted.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Despite these stylistic changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (moving party has initial burden of showing there is no genuine dispute of material fact for trial).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-324.

The defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claim presented by the plaintiff.  Based on the foregoing, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery*, 64 F.3d at 593-594 (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014).  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable

fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). To proceed beyond the summary judgment stage, an inmate-plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . ., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of

party's own conclusory allegations is not sufficient to oppose summary judgment."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value.").  Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists).  At the summary judgment stage, this court must "consider all evidence in the record . . . [including] pleadings, depositions, interrogatories, affidavits, etc. -- and can only grant summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists."  *Strickland v. Norfolk Southern Railway Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual

dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. ZenithRadio Corp*., 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

The court has undertaken a thorough and exhaustive review of all the evidence contained in the record.  After such review, the court finds that Lewis has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendant.

## III.  DISCUSSION

### A.  Relevant Facts[1]

On June 26, 2016, during his confinement at the Frank Lee Community Based Facility, correctional officials conducted a search of Lewis and retrieved nine dollars from his front pocket. *Defendant's Exh. B - Doc. No. 12-2* at 2.  Inmates are not allowed to have currency in their possession and Lewis therefore incurred a disciplinary charge for possession of contraband.  *Id*. Lewis received notice of the disciplinary charge on June 27, 2016, *id*., and was transferred to Draper Correctional Facility on this same date.  *Defendant's Exh. D - Doc. No. 12-4* at 2.  Upon his arrival at Draper, Lewis was placed in general population.

Correctional officials at Draper conducted a disciplinary hearing with respect to the pending possession of contraband charge on July 5, 2016.  At this hearing, the arresting officer testified that on the morning of June 26, 2016 he "confiscated nine dollars from inside Inmate Lewis's front right pocket." *Defendant's Exh. B - Doc. No. 12-2* at 2.  Moreover, Lewis admitted his guilt during the hearing.  *Id*.  Upon completion of the disciplinary hearing, the hearing officer found Lewis guilty of possession of contraband.  *Id*. at 2.  The sanctions imposed upon Lewis for this disciplinary infraction consisted of the loss of canteen, telephone and visitation privileges for thirty days and loss of two months of good time.  *Id*.

On July 15, 2016, correctional officials at Draper determined that Lewis should be placed in the Behavior Modification Dorm for thirty days due to his violation of the rule prohibiting the possession of contraband.  Defendant Myrick escorted Lewis to the Behavior Modification Dorm. Lewis remained in this dorm until August 15, 2016 at which time he was released into the general population at Draper.  Lewis did not serve any of this time in the segregation unit at Draper.

---

[1]The facts are gleaned from the complaint and the undisputed evidentiary materials submitted by the defendant.

## B.  Claim for Relief - Due Process

Lewis complains that his temporary confinement in the Behavior Modification Dorm violated his right to due process.  Specifically, Lewis alleges that he was entitled to due process prior to his removal from general population and confinement in a more restrictive area of the prison.  Under well settled law, Lewis is not entitled to relief on this claim.

Determining whether an inmate has been deprived of a liberty interest "within the scope of the Due Process Clause . . . is often a difficult determination . . . because prisoners have *already* been deprived of their liberty in the ordinary sense of the term."  *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).  The Supreme Court has nevertheless identified two circumstances in which a prisoner, an individual already deprived of his liberty in the ordinary sense, can be further deprived of his liberty such that due process is required.

> The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court.  *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 492-93, 100 S.Ct. 1254, 1263-64, 63 L.Ed.2d 552 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital).  The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see, e.g., Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974) (prisoners may not be deprived of statutory "good-time credits" without due process); *cf. Dudley v. Stewart,* 724 F.2d 1493, 1497-98 (11th Cir.1984) (explaining how the state creates liberty interests).  In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state.

*Bass*, 170 F.3d at 1318.

The Constitution itself does not give rise to a liberty interest in avoiding confinement in a dorm with more restrictions than general population. *Sandin*, 515 U.S. at 485-486 (noting that confinement of inmate in disciplinary segregation for 30 days does not implicate a constitutionally

protected liberty interest); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding

that confinement in segregation for two months did not deprive inmate of a constitutionally

protected liberty interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (punishments

imposed upon the plaintiff-inmate due to a rule violation, including demotion in status, placement

in segregation and transfer to another facility raise no due process concerns.); *see also Meachum*

*v. Fano,* 427 U.S. 215, 225 (1976) (No liberty interest arising from Due Process Clause itself in

transfer from low-to maximum-security prison because "[c]onfinement in any of the State's

institutions is within the normal limits or range of custody which the conviction has authorized the

State to impose."); *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) (prisoner has no

constitutional right to be confined in a particular institution).   Thus, confinement of Lewis in the

Behavior Modification Dorm did not "exceed the sentence [imposed by the trial court] in such an

unexpected manner as to give rise to protection by the Due Process Clause of its own force."   *Id*.

This court must therefore determine whether the actions about which Lewis complains involved

the deprivation of a state-created liberty interest as defined by the standard set forth in *Sandin*.

As the Supreme Court opined,

*Sandin* involved prisoners' claims to procedural due process protection before
placement in segregated confinement for 30 days, imposed as discipline for
disruptive behavior.   *Sandin* observed that some of our earlier cases, *Hewitt v.
Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), in particular, had
employed a methodology for identifying state-created liberty interests that
emphasized "the language of a particular [prison] regulation" instead of "the nature
of the deprivation."   *Sandin,* 515 U.S., at 481, 115 S.Ct. 2293.   In *Sandin,* we
criticized this methodology as creating a disincentive for States to promulgate
procedures for prison management, and as involving the federal courts in the day-
to-day management of prisons.   *Id.,* at 482-483, 115 S.Ct. 2293.   For these reasons,
we abrogated the methodology of parsing the language of particular regulations.

"[T]he search for a negative implication from mandatory language in prisoner
regulations has strayed from the real concerns undergirding the liberty protected by
the Due Process Clause.   The time has come to return to the due process principles
we believe were correctly established in and applied in *Wolff* and *Meachum*.

> Following *Wolff,* we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.,* at 483-484, 115 S.Ct. 2293 (citations and footnote omitted).

> After *Sandin,* it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves "in relation to the ordinary incidents of prison life." *Id.,* at 484, 115 S.Ct. 2293.

*Wilkinson v. Austin*, 545 U.S. 209, 222-223, 125 S.Ct. 2384, 2393-2394 (2005).

Applying the *Sandin* inquiry, it is clear that the temporary confinement of Lewis in the Behavior Modification Dorm "does not represent a dramatic departure from the basic conditions" of the sentence imposed upon him nor did such action "impose[] atypical and significant hardship on [Lewis] in relation to the ordinary incidents of prison life." *Id.* at 484-485. In light of the foregoing, the court concludes that no protected, state created interest existed regarding placement of Lewis in the Behavior Modification Dorm. Consequently, due process did not attach to the decision to confine Lewis in the Behavior Modification Dorm for thirty days and summary judgment is therefore due to be granted in favor of the defendant.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED.

2. This case be DISMISSED with prejudice.

3. No costs be taxed herein.

The parties may file objections to this Recommendation on or before December 9, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the

Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day November, 2016.


/s/Terry F. Moorer
TERRY F. MOORER
 UNITED STATES MAGISTRATE JUDGE